Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 72611-8707
Dear Mr. Norris:
You have requested an opinion concerning the length of sentences of inmates who are initially committed to the custody of the Division of Youth Services but who complete their sentences at the Arkansas Department of Correction.
You state that a particular inmate has been sentenced to the Arkansas Department of Correction under the provisions of A.C.A. §5-4-402(d)(1)(A), in accordance with which he will be housed by the Division of Youth Services until his sixteenth birthday on May 4, 2004.
Regarding this situation, you have asked:
 If an inmate is not in an Arkansas Department of Correction facility and is not in the custody of the Arkansas Department of Correction, is he entitled to meritorious good time credit towards his release date calculation?
RESPONSE
It is my opinion that a defendant who is committed to the custody of the Division of Youth Services and is later transferred to the Department of Correction is not entitled to meritorious good time credit towards his release date calculation while in the custody of the Division of Youth Services.
This issue is governed by the plain language of the statute governing meritorious good time, and by the regulations that have been promulgated by the Arkansas Board of Correction, pursuant to the authority granted in the applicable statute.
"Meritorious good time" is governed by of A.C.A. § 12-29-201, which states in pertinent part:
 (a) An inmate may be entitled to "meritorious good time" reducing his transfer eligibility date up to thirty (30) days for each month incarcerated after imposition of sentence in one (1) of the units, facilities, and centers maintained by the Department of Correction or the Department of Community Correction.
 (b) An inmate transferred or paroled to the supervision of the Department of Community Correction, under § 16-93-206, may receive meritorious good time reducing his or her time of transfer or parole supervision up to thirty (30) days for each month he or she is under the supervision of the Department of Community Correction.
 (c) Meritorious good time shall be allocated under rules and regulations promulgated by the Board of Corrections and administered by the respective department staff subject to the provisions of this subchapter for good discipline, behavior, work practices, job responsibilities, and involvement in rehabilitative activities while in the custody or under the supervision of the Department of Correction or the Department of Community Correction.
A.C.A. § 12-29-201(a)(b)(c).
The regulations that have been promulgated by the Board of Corrections pursuant to the authority stated in the above quoted statute state that the regulations concerning meritorious good time will be applicable to the following persons:
 Director's (sic) of the Department of Correction and Department of Community Punishment [now, Department of Community Correction, see
Acts 2001, No. 323, § 2]; respective staff of the Department of Correction and Department of Community Punishment responsible for administering meritorious good time; and inmates.
Regulations of the Arkansas Board of Corrections, Regulation 7.9 (Meritorious Good Time), III (Applicability).
The Board's regulations define the term "inmate" as follows:
 B. Inmate — persons sentenced by court order to the Department of Correction, to the Department of Correction but judicially transferred to the Department of Community Punishment [Department of Community Correction], or to a Department of Community Punishment [Correction] facility.
Regulations of the Arkansas Board of Corrections, Regulation 7.9 (Meritorious Good Time), V(B) (Definitions).
Moreover, the Board's statement of policy regarding meritorious good time provides:
 It shall be the policy of the Board of Correction and Community Punishment [now, Board of Corrections, see Acts 2001, No. 323, § 3] to award inmates meritorious good time as a result of good discipline, behavior, work practices, job responsibilities, and involvement in rehabilitative activities while in the custody or supervision of the Department of Correction or Department of Community Punishment [Department of Community Correction].
Regulations of the Arkansas Board of Corrections, Regulation 7.9 (Meritorious Good Time), IV (Policy) (emphasis added).
Both the plain language of the meritorious good time statute and the plain language of the applicable regulations indicates that meritorious good time is available only to persons who are in the custody or supervision of the Department of Correction or the Department of Community Correction. Neither the statute nor the regulations indicates any intent to extend the benefits of meritorious good time calculations to defendants (such as youthful defendants) who are in the custody or supervision of any entity other than the Department of Correction of the Department of Community Correction (such as the Division of Youth Services).
I am constrained to interpret this plain language just as it reads. SeeCave City Nursing Home, Inc. v. Arkansas DHS, 351 Ark. 13, 89 S.W.3d 884
(2002). I must therefore conclude that defendants who are committed to the custody of the Division of Youth Services and who are later transferred to the custody of the Department of Correction pursuant to A.C.A. § 5-4-402(d)(a)(A), are not entitled to a consideration of meritorious good time in the calculation of their release or transfer dates for the time spent in the custody of the Division of Youth Services. Such defendants do not fall within the definition of "inmate," as used in A.C.A. § 12-29-201 and the Board's regulations, nor do they (while in the custody of the Division of Youth services) fall within the provisions of the meritorious good time statute or other applicable meritorious good time regulations.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General